# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL NO.:** _____ |
| | : | |
| v. | : | **Violations:** |
| | : | |
| LARRY G. CORBETT, | : | **18 U.S.C. § 201 (Bribery of a** |
| | : | **Public Official)** |
| Defendant. | : | |
| | : | **18 U.S. C. § 2 (Aiding and Abetting** |
| | : | **and Causing an Act to be Done)** |
| | : | |
| | : | **28 U.S.C. § 2461 & 18 U.S.C. §** |
| | : | **981(a)(1)(C)(Criminal Forfeiture)** |

# I N F O R M A T I O N

The United States Attorney charges:

## Relevant Individuals and Entities

1.      The defendant, LARRY G. CORBETT ("CORBETT"), owned and controlled Core Technology LLC and Enterprise Technical Solutions Incorporated.

2.      Core Technology LLC ("Core Technology") was a Virginia limited liability corporation formed on or around November 1, 2002.  Core Technology was a power and communication line and related structures construction company.  Core Technology offered its capabilities to federal agencies and commercial companies. Core Technology maintained an office in Alexandria, Virginia.

3.      Enterprise Technical Solutions Incorporated ("ETSI") was a Virginia limited liability corporation formed on or around November 5, 2008. ETSI was a power and communication line and related structures construction company. ETSI offered its capabilities to federal agencies and commercial companies. ETSI maintained an office in Alexandria, Virginia.

4.      The United States Army Corps of Engineers ("USACE") was a branch of the United States Army.  The Headquarters for the USACE was located at 441 G Street, N.W., in the District of Columbia.  The Directorate of Contingency Operations ("DCO") was a branch of the USACE.

5.      The USACE administered the Technology for Infrastructure, Geospatial, and Environmental Requirements ("TIGER") Contract.  The TIGER Contract was a vehicle that authorized federal government agencies and departments used to purchase products and services. The TIGER Contract was an audited and awarded Indefinite Delivery/Indefinite Quantity ("IDIQ") contract.  As a result, such authorized agencies and departments were not required to obtain three separate bids or to compare the TIGER Contract to another contract before submitting an invoice for products and services through the TIGER Contract.

6.      Until October 4, 2011, KERRY F. KHAN ("KHAN") was a Program Manager with the USACE's DCO at Headquarters in Washington, D.C.  KHAN was involved in, among other things, placing orders for the DCO through federal government contracts, including the TIGER Contract.

7.      Eyak Technology, LLC ("EyakTek") was an Alaska Native-owned Small Business. EyakTek maintained offices in Dulles, Virginia.  EyakTek was the prime contractor for the TIGER Contract.

8.      Nova Datacom LLC ("Nova Datacom") was a provider of information assurance and security services to federal agencies and commercial companies.  Nova Datacom maintained its corporate headquarters in Chantilly, Virginia.

9.      Ananke, LLC ("Ananke") was a Virginia limited liability company formed on or about November 14, 2007.  KHAN controlled Ananke.

**The Bribery Scheme**

10.     In or about 2008, KHAN and CORBETT traveled to Vicksburg, Mississippi to discuss a USACE project. Prior to the trip, Core Technology had provided materials and equipment to the USACE, under the supervision of KHAN, through subcontracts. During the trip, KHAN talked to CORBETT about KHAN needing money to prepare for KHAN's retirement, ensure that KHAN's family was taken care of, and develop property in West Virginia. Following their return from Mississippi, KHAN talked to CORBETT about KHAN needing money to develop property in West Virginia. KHAN directed CORBETT to pay the money to Ananke. CORBETT understood from these discussions that there was a "pay-to-play" system in place in which CORBETT had to pay KHAN to obtain and retain business with the USACE. Thereafter, as directed by KHAN, CORBETT provided things of value, directly and indirectly, to KHAN.

**Payment from Core Technology to KHAN via Ananke**

11.     Core Technology was a subcontractor to EyakTek. On or about October 3, 2008, EyakTek issued Purchase Order No. PO003343a to Core Technology for materials and equipment to be shipped to KHAN at Fort Belvoir, Virginia. The amount of the Purchase Order was $832,071.80. Core Technology provided the materials and equipment required by the Purchase Order to EyakTek and the USACE.

12.     On or about November 10, 2008, EyakTek paid Core Technology $542,655.30 as partial payment for Purchase Order No. PO003343a. On or about January 21, 2009, EyakTek paid Core Technology $289,416.50 as the final payment for Purchase Order Number PO003343a. On or about January 26, 2009, as directed by KHAN, CORBETT caused Core Technology to issue a check

-3-

in the amount of $65,000 payable to Ananke for KHAN's intended benefit in exchange for KHAN's official assistance in directing orders to Core Technology.

### Payments from ETSI to KHAN via Ananke

13.     ETSI was a subcontractor to Nova Datacom, which provided materials and equipment to the USACE under KHAN's supervision.  As a result, KHAN knew when Nova Datacom owed monies to ETSI.  From in or about May 2009 through in or about May 2011, ETSI received payments from Nova Datacom totaling approximately $3,800,000 for work performed on USACE projects.

14.     In or around August 2009, after ETSI had provided services to Nova Datacom, KHAN requested a payment from CORBETT of $22,000.  On or about August 8, 2009, as directed by KHAN, CORBETT caused ETSI to issue a check in the amount of $22,000 payable to Ananke for KHAN's intended benefit in exchange for KHAN's official assistance in directing orders to ETSI.

15.     In or about December 2010, ETSI provided materials to the USACE at the USACE's Headquarters under a subcontract with Nova Datacom.  Following an argument with KHAN over the design for the work being performed at the USACE's Headquarters, KHAN told CORBETT that, "you better have two in there for me."  CORBETT understood KHAN's statement to mean that KHAN wanted $200,000 out of the payments to be received by ETSI from Nova Datacom.  From on or about December 14, 2010 through on or about December 17, 2010, Nova Datacom issued payments to ETSI totaling $1,199,730 for work performed on USACE projects.  On or about December 22, 2010, as directed by KHAN, CORBETT caused ETSI to issue a check in the amount

-4-

of $200,000 payable to Ananke for KHAN's intended benefit in exchange for KHAN's official assistance in directing orders to ETSI.

**Miscellaneous Payments to KHAN from CORBETT**

16.     Beginning in or about 2010, CORBETT provided home improvements to KHAN's residence in Arlington, Virginia valued at approximately $3000. Among other things, CORBETT paid to install and maintain a sprinkler system, install cabling, and provide landscaping. CORBETT intended these payments to benefit KHAN and assist CORBETT in obtaining and retaining business with the USACE.

**COUNT ONE**
**(Bribery of a Public Official)**

17.     Paragraphs 1 through 16 of this Information are realleged and incorporated by reference as if set out in full.

18.     From in or about 2008 through in or about September 2011, in a continuing course of conduct, in the District of Columbia and elsewhere, the defendant, LARRY G. CORBETT, did directly and indirectly, corruptly give, offer, and promise things of value to a public official, namely KERRY F. KHAN, and corruptly offered and promised things of value to such public official personally and to other persons and entities as directed by such public official, with the intent to influence official acts, to influence such public official to commit and aid in committing, collude in, and allow fraud, and make opportunity for the commission of fraud on the United States, and to induce such public official to do and omit to do acts in violation of the lawful duty of such public official, to wit, LARRY G. CORBETT gave, offered, and paid approximately $290,000, directly and

indirectly, to KERRY F. KHAN in return for KERRY F. KHAN approving contracts and subcontracts awarded through the USACE to Core Technology and ETSI.

**(Bribery of a Public Official, in Violation of Title 18, United States Code, Sections 2 and 201(b)(1)(A), (B), and (C))**

## FORFEITURE ALLEGATION

1.      The allegations set forth in Count One of this Information are re-alleged as though set forth fully herein and incorporated by reference for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      As a result of the offense alleged in Count One of this Information, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the offense.

3.      The property to be forfeited includes, but is not limited to, the following:

**Money Judgment**

$290,000, which represents a sum of money constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offense alleged in Count One of the Information.

4.      By virtue of the commission of the felony offense charged in Count One of this Information, any and all interest that defendant has in property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the offense , is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

5.     If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third person;

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of said property listed above as being subject to forfeiture.

**(Criminal Forfeiture, Title 18, United States Code, Section 981(a)(1)(C), and Title 28 United States Code, Section 2461(c))**.

RONALD C. MACHEN JR.
United States Attorney
In and For the District of Columbia

By: _____

MICHAEL K. ATKINSON
D.C. Bar No. 430517
BRYAN SEELEY
D.C. Bar No. 501681
Assistant United States Attorneys
Fraud and Public Corruption Section
555 4th Street, N.W.
Washington, D.C.  20530
202.252.7817 (Atkinson)
202.252.1749 (Seeley)
Michael.Atkinson2@usdoj.gov
Bryan.Seeley@usdoj.gov

DATED: July 2, 2012